Matter of the bond of GIDEON LEE, executor of the will of David Williamson Lee, deceased.

The ordinary may, at any stage of the proceedings, for good cause shown, stay a suit on a non-resident executor's bond, which suit was begun under his own previous order.

On application to vacate an order staying a suit which was commenced upon an executor's bond by direction of the ordinary.

*Mr. Theodore Runyon* and *Mr. James M. C. Morrow*, for the motion.

*Messrs. Wallis & Edwards, contra.*

THE ORDINARY.

This motion presents the single question whether the ordinary has power to stay a suit upon an executor's bond which was commenced in pursuance of an order regularly made by him. It is claimed for the motion that the ordinary has power to direct the commencement of an action upon such a bond, but that he has no control or authority in the suit which shall be commenced in pursuance of his order until after the entry of judgment therein. The bond in this case was given in pursuance of the provisions of the supplement to the orphans court act, approved March 3d, 1880 (*Rev. Sup. p. 778 § 8*), which provides that non-resident executors shall give bond for the faithful administration of the estate of the testator, and that in case the bond shall become forfeited it may be prosecuted in the same manner that bonds given by administrators may be prosecuted. By the orphans court act (*Rev. p. 788 § 164*), it is provided that when an administrator's bond shall become forfeited, "the ordinary may cause the same to be prosecuted in any court of record," and that the moneys recovered upon such prosecution shall be applied to the damages occasioned by the breach of the condition of the bond "in such manner as the ordinary shall, by his sentence and decree, direct."

This is in substance the provision of the act of March 2d, 1795 (*Pat. p. 186 § 12*), which passed through the Revision of 1846 and to the Revision of 1874 unchanged.

The Revision of 1874 changes the language of the old statute from the words: "It shall and may be lawful for the ordinary or surrogate-general to cause the same to be prosecuted in any court of record," to the words: "The ordinary may cause the same to be prosecuted in any court of record."

It is plainly the intent of the statute, evinced by its language, "may cause the same to be prosecuted" &c., that not only the commencement of an action upon the bond, but also the pursuit of that action, is left to the sound discretion of the ordinary. The ordinary does not assign the bond to the party aggrieved, but becomes himself plaintiff in a suit for the recovery of sufficient moneys, not only to pay the damages which the breach of the bond has occasioned the party at whose instance he conducts the prosecution, but also the damages of all others who suffer by that breach. To this end the judgment is in his favor for the penalty of the bond. Not only the language of the statute, but its entire scope, places the whole prosecution of the bond within his discretion, and I think that when it shall be made to appear to him that such prosecution is oppressive, vexatious or to little purpose, or that for other sufficient reasons it shall not be proper or expedient to continue it, at the instance of the defendants he has the power to stay or discontinue the suit.

I find that this view, with reference to the position of the ordinary, when the suit is upon an administration bond, has been uniformly adopted by the judges of this state. *Webster's Case, 3 Gr. Ch. 558, 1 Hal. Ch. 89; Green's Case, 4 Hal. Ch. 550; Honnas's Case, 1 McCart. 493; Ordinary v. Poulson, 14 Vr. 33.*

I will deny the motion, but without costs.